Bernard ARONOWITZ, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 8456.

United States District Court,
S. D. Ohio, W. D.

June 6, 1973.

Marvin H. Kraus, Goldman, Cole & Putnick, Cincinnati, Ohio, for plaintiff.

Grayce Ruehlman, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

## SUMMARY JUDGMENT

HOGAN, District Judge.

This is an action pursuant to 42 U.S.C. § 405(g) in which this Court is required to judicially review a determination by the Secretary of Health, Education and Welfare awarding benefits to the children of a deceased wage earner. Neither the facts nor the law applicable thereto are in dispute. The sole issue on review is the constitutionality of certain provisions of the Social Security Act which compelled the result reached by the Secretary.

The deceased wage earner, Phyllis Aronowitz, was born in 1932 and died in 1970, leaving three children, who, by their father, seek children's insurance benefits pursuant to 42 U.S.C. § 402(d). Mrs. Aronowitz, during the six-year period from 1951–1956, was engaged in employment in which she was covered by Social Security and accordingly made contributions thereto. In 1959, and continuing through 1964, she was employed by the Cincinnati Board. of Education and the University of Cincinnati, both of which employers are political divisions of the state, and consequently she was not covered by Social Security and made no contributions to same. [42 U. S.C. § 410(a)(7)] Neither of these employers had requested the Secretary to extend coverage of the Act to their employees as provided for in 42 U.S.C. §

418(a). At the hearing herein there was testimony by Mr. Aronowitz that his wife had made an oral request of her superior that she be permitted to contribute to Social Security but the request was orally denied and she did not press the matter further.

The method by which the amount of child's insurance benefits is determined is set out in the decision of the hearing examiner and we will not repeat the various details involved therein. For present purposes the following suffices: In determining the proper amount of benefits a child is entitled to, the wage earner's average monthly wage is the critical factor. [42 U.S.C. § 415(b).] The higher this amount the greater the benefit. In the instant case, the number of computation years is eleven (the number of years elapsing between the year the wage earner attained age 21 (1953) and the year of her death (1970) less five years); therefore, to find the average monthly wage, the total of the wage earner's credited earnings in the best 11 years of her employment were divided by 132 (the number of months in 11 years) and the result was translated by applicable tables into a primary insurance amount and a family maximum amount. (These amounts increasing as the average monthly wage is increased.)

However, in totalling the eleven best years of earnings, only earnings which were covered by the Act appear in the total, all other non-covered earnings are considered to be zero. Here, the result is that only the six years of Mrs. Aronowitz's covered employment contributed positive amounts to her total earnings, but in determining the average, the divisor is the number of months contained in eleven years, i. e., six year's wages are divided by eleven years to determine the average monthly wage during those eleven years. It is the plaintiff's contention that the wages paid during the wage earner's best five years with the City (1960–64) should be included in her total earnings, and that the Secretary's

refusal to do so is a violation of the beneficiaries' rights of due process and equal protection.

■ Implicit in plaintiff's attack on the constitutionality of § 415(b)(1) of Title 42 is a challenge to the constitutionality of 42 U.S.C. § 410(a)(7) exempting from the definition of the term "employment"—

"Service performed in the employ of a State, or any political subdivision thereof, or any instrumentality of any one or more of the foregoing which is wholly owned thereby, . . ."

unless such service is included under an agreement made pursuant to 42 U.S.C. § 418.

Our starting point in testing the constitutionality of these provisions must be Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), holding that the Due Process Clause bars the withholding of a benefit under the Act "only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." 363 U.S. at 611, 80 S.Ct. at 1373. Considering first the classification made in § 410(a)(7), it is obvious, as pointed out in the Secretary's brief in support of his motion, that § 410(a)(7) is Congress's recognition of the limitation on its taxing power upon the states and their subdivisions. The classification thus goes beyond the usual policy considerations put forth in an attempt to rationally justify such classifications, such as those expressed in *Flemming* at page 612, 80 S.Ct. 1367 and those found in Wieszczak v. Secretary, 335 F.Supp. 1146 (D.Conn.1971), justifying the exemption of non-profit organizations from coverage. See also: Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L. Ed. 1307 (1936) and Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1936). Also, as again pointed out by the Secretary, § 418 provides a mechanism by which the exemption may be removed upon the state's agreement to pay amounts equivalent to

the taxes which would be imposed if its employee's services were otherwise considered "employment." We therefore conclude that Congress had not only a rational justification in excepting state employment, but, in fact, acted out of necessity in doing so.

Having thus rationally excluded state employment from coverage under the Act, it is only logical that the earnings from such employment should be excluded in determining the amount of benefits that a claimant is entitled to, the amount of the benefits bearing a direct relationship to the amount of credited earnings, (and counterpart, employer-taxes) and, to an extent, a direct relationship to the amount of taxes paid on those earnings to the fund. Were it otherwise, a claimant who had paid little into the fund could claim benefits comparable to those claimed by one whose entire earnings were covered by the act and whose contribution to the fund was therefore much greater.

Plaintiff's contention, that all earnings received during the benefit computation years should be included in total wages, having thus been answered, the Court feels constrained to answer another of plaintiff's arguments, even though it arises only by inference. That is, that the method for computing the number of an individual's "benefit computation years" contravenes the Due Process Clause. If, in the present case, the number of benefit computation years were less, then naturally the average monthly wage and the resultant benefit would be greater since years of non-covered "zero" earnings would not be included in the total.

We do not view this part of the Congressional enactment as having created any classification, much less an arbitrary classification. As indicated in Helvering v. Davis, 301 U.S. at 644, 57 S.Ct. 904, the wisdom of the scheme of benefits is a matter for Congress, not for the Courts.

Accordingly, the defendant's motion for summary judgment is granted.